```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY PRATT,                 )
                               )
      Plaintiff,               )
                               )
           v.                  )   Civil Action No. 04-645
                               )   JUDGE CONTI
DANIEL L. HOOPER, et al.       )   MAGISTRATE JUDGE CAIAZZA
                               )
      Defendants.              )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendants' Motion for Judgment on the Pleadings be denied, but that the Defendants' Motion for Summary Judgment be granted.

### II. REPORT

The Plaintiff, Jeffrey Pratt ("the Plaintiff" or "Pratt"), filed this civil rights case on April 28, 2004. Pratt is presently incarcerated at the State Correctional Institution at Frackville, Pennsylvania. He alleges that, while incarcerated at the State Correctional Institution at Pittsburgh ("SCI Pittsburgh"), he was placed in the Restricted Housing Unit ("RHU") from September 28, 2003, through October 28, 2003. He alleges that he was denied legal, religious and educational property while in the RHU. He also states that he was "deprived of mental and psychological stimulation" and that the defendants committed "attempted murder by food [and] medication poisoning." *See* Doc. 5, ¶ IV(c).

The Defendants have moved for judgment on the pleadings asserting that Pratt has failed to allege compliance with AEDPA's exhaustion requirement. They also move -in the alternative- for summary judgment on the basis of an affidavit submitted by Tracy Pollock, the Grievance Review Officer at SCI Pittsburgh. In her affidavit she states that Pratt filed only two grievances while at SCI Pittsburgh, and neither grievance was pursued through all levels of review. *See* Doc. 22, Attach. A. Pratt has not responded to the Defendants' Motion, and it is now ripe for disposition.

**A.  Legal Standard.**

The standard applicable to a motion for judgment on the pleadings is similar to that applied to a motion to dismiss, and requires the court to view the allegations of the complaint in the light most favorable to the plaintiff. *See* DeBraun v. Meissner, 958 F.Supp. 227, 229 (E.D.Pa. 1997); Smith v. School District of Philadelphia, 112 F.Supp.2d 417, 423 (E.D.Pa. 2000).

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's

case, and for which that party will bear the burden of proof at trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (a party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *See* Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (emphasis added).

**B.   The Exhaustion of Administrative Remedies.**

   1.   The Applicable law.

The applicable and mandatory exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a)   Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*See* 42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his or her

administrative remedies, and this is true even if the ultimate relief sought is not available through the administrative process. *See* Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000). There is no futility exception to the administrative exhaustion requirement. *See* Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citation omitted). Further, the Third Circuit Court has stated unequivocally that inmates must comply with the exhaustion requirement. *See* Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004). The court in Spruill made it clear that §1997e(a) requires an inmate to "avail[ ] himself [herself] of every process at every turn (which would require all appeals to be timely pursued, etc.)." *See id*. In short, "it is beyond the power of this court - or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *See* Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)(quotation omitted).

The Spruill court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. *See* Spruill, 372 F.3d at 228-229. The Spruill court stated:

> We believe that Congress's policy objectives
> will be served by interpreting § 1997e(a)'s
> exhaustion requirement to include a
> procedural default component. Based on our
> earlier discussion of the PLRA's legislative
> history, [...] Congress seems to have had

> three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

*See id.* Having concluded that the PLRA includes a procedural default component, the Court then stated that "prison grievance procedures supply the yardstick for measuring procedural default." *See id*. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, and if he or she would now be barred under the prison's policy from again presenting his or her claim, then the claim is procedurally defaulted for purposes of §1997(e)(a).

   2. The Analysis

   The Defendants argue, first, that Pratt has failed to allege compliance with the Pennsylvania Department of Corrections' ("DOC") grievance procedure, and that they are therefore entitled to judgment on the pleadings. Pratt, however, alleges in his Complaint that he did file grievances, but they were ignored. *See* Doc. 5, ¶ V(c)). The court cannot conclude   -on the face of Pratt's Complaint-  that he has failed to exhaust the administrative remedies available to him. That said, the Motion

for Judgment on the Pleadings filed by the Defendants must be denied.

In their Motion For Summary Judgment, however, the Defendants have attached an affidavit which establishes that Pratt filed only two grievances while he was incarcerated at SCI Pittsburgh and that neither grievance was exhausted through all available levels of appeal. *See* Doc. 21, Attach. A. The Plaintiff, having been given the opportunity, has failed to responded to the Defendants' Motion.

The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an intermediate level of appeal submitted to the Facility Manager, and a final level of appeal submitted to the Secretary's Office of Inmate Grievances and Appeals. *See* Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. *See also* Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining the grievance review process). The exhaustion requirement of § 1997e(a) is not satisfied simply "whenever there is no further process available to the inmate" within the grievance system (which would happen if an inmate fails to file an administrative appeal). . . ." *See* Spruill, 372 F.3d at 227-28. Rather, § 1997e(a) requires that an inmate "avail[ ] himself of every process at every turn (which would

require all appeals to be timely pursued, etc.)." *See id*. Here, the Defendants have presented evidence establishing that Pratt failed to properly exhaust all levels of administrative appeals as to either of the two grievances he filed. Significantly, the Plaintiff has not presented any "specific facts" in response to the Defendants' Motion which would show that there is a material issue with respect to the exhaustion of administrative remedies.

Therefore, the Court finds that Pratt failed to exhaust his available administrative remedies, and that the Defendants are therefore entitled to summary judgment on this basis.[1]

### III   CONCLUSION

It is respectfully recommended that the Defendants' Motion for Judgement on the Pleadings be denied, but that the Defendants' Motion For Summary Judgment be granted.

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections

---

1. In any event, the Defendants would be entitled to summary judgment with respect to the claims of property deprivation made by Pratt. Even where deprivations of property are caused by the misconduct of state officials, this does not infringe constitutional due process - provided that adequate state post-deprivation remedies exist. *See* Hudson v. Palmer, 468 U.S. 517 (1984). Here, the DOC has an adequate post-deprivation remedy available through the grievance process which would prevent the Plaintiff from succeeding on his claim, even if he had exhausted the available administrative remedies.

shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

<u>s/Francis X. Caiazza</u>
FRANCIS X. CAIAZZA
UNITED STATES MAGISTRATE JUDGE

Dated: July 27, 2005


cc: Jeffrey Pratt, BC-8580
    SC. Frackville
    1111 Altamont Boulevard
    Frackville, PA 17931

    Robert S. Englesberg, Esquire
    Office of the Attorney General
    564 Forbes Avenue
    6th Floor, Manor Complex
    Pittsburgh, PA 15219